UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-03042-MWF (GJSx)          **Date:** December 9, 2021
**Title:** Anthony Bouyer v. A.O.P.N. Corp., et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                                        Court Reporter:
Rita Sanchez                                          Not Reported

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:
None Present                                         None Present

**Proceedings (In Chambers):**    ORDER DENYING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT [26]

Before the Court is Plaintiff Anthony Bouyer's Application for Default Judgment against Defendants A.O.P.N. Corp., Bruce W.S. Holmes, and Leeann Holmes (the "Application"), filed on July 16, 2021. (Docket No. 26). No Oppositions to the Application were filed.

The Application was noticed to be heard on July 19, 2021. The Court read and considered the papers on the Application and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. Vacating the hearing was also consistent with General Order 21-08, arising from the COVID-19 pandemic.

For the reasons set forth below, the Application is **DENIED**. Plaintiff has failed to satisfy the substantive requirements for a default judgment. Specifically, Plaintiff has failed to plead factual allegations sufficient to state a plausible ADA claim.

**I. BACKGROUND**

Plaintiff commenced this action on April 7, 2021. (*See generally* Complaint (Docket No. 1)). The Complaint contains the following allegations, which are accepted as true for purposes of the Application. *See* Fed. R. Civ. P. 8(b)(6); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) ("[U]pon default the ***factual***

---
**CIVIL MINUTES—GENERAL**                                                                  1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-03042-MWF (GJSx)     **Date:** December 9, 2021
**Title:**     Anthony Bouyer v. A.O.P.N. Corp., et al.

allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (internal quotation marks and citations omitted) (emphasis added).

Plaintiff is a paraplegic. (Complaint ¶ 1). As a result, he relies on a wheelchair to get around. (*See id.*). Defendants Bruce W.S. Holmes and Leeann Holmes currently own, and owned on March 16, 2021, the real property located at 201 South Glenoaks Boulevard, Burbank, CA 91502 (the "Property"). (*See id.* ¶ 2–3). Defendant A.O.P.N. Corp. currently owns and operates, and owned and operated on March 16, 2021, Fosters Freeze, a business located on the Property. (*See id.* ¶¶ 2, 4–5).

On March 16, 2021, Plaintiff went to Fosters Freeze to purchase a snack and to confirm that the Property was accessible to persons with disabilities. (*See id.* ¶ 11). The Property had parking spaces reserved for its patrons. (*See id.* ¶ 12). However, Plaintiff alleges that the parking spaces designated for persons with disabilities did not comply with the Americans with Disabilities Act ("ADA") Accessibility Guidelines ("ADAAG"). (*See id.* ¶ 12, 14). Plaintiff claims that the slope in the accessible parking area exceeded that permitted by section 502.4 of the ADAAG and that a cracked surface in the accessible parking area gave rise to a second violation under section 302.1 of the ADAAG. (*See id.* ¶ 13).

Because of the above-described conditions, Plaintiff is deterred from patronizing Fosters Freeze. (*See id.* ¶ 23). Plaintiff intends to return to Foster Freeze after those conditions have been remedied. (*See id.*).

Based on these allegations, Plaintiff asserted two claims for relief: (1) violation of the ADA, 42 U.S.C. §§ 12101 *et seq.*, and (2) violation of California's Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code §§ 51–53. (*Id*. ¶¶ 31-40). On May 3, 2021, the Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. (Docket No. 13). Accordingly, only Plaintiff's ADA claim remains.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-03042-MWF (GJSx)         Date:  December 9, 2021
Title:      Anthony Bouyer v. A.O.P.N. Corp., et al.

## II.     LEGAL STANDARD

The Court does not require strict compliance with Federal Rule of Civil Procedure 4 when serving a defendant with an application for default judgment, but as a matter of discretion requires that service of the application is at least reasonably likely to provide notice to the defendant.

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a).

The choice as to whether a default judgment should be entered is at the sole discretion of the trial court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has determined that a court should consider seven discretionary factors before rendering a decision on an application for default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The seven factors are:  (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the Complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits. *Id*. If the Court determines that default judgment is appropriate, it may consider extrinsic evidence or conduct an evidentiary hearing in determining the amount of damages. Fed. R. Civ. P. 55(b)(2).

## III.     DISCUSSION

Here, default judgment is inappropriate because of the third *Eitel* factor.  The Complaint fails to state a claim for relief under the ADA because it "primarily recite[s] legal conclusions." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 21-03042-MWF (GJSx)**            **Date:  December 9, 2021**
**Title:**    Anthony Bouyer v. A.O.P.N. Corp., et al.

Plaintiff's ADA claim centers around Defendants' failure to remove architectural barriers.  Such a failure is actionable under the ADA only if the removal of the architectural barriers is "readily achievable."  *See* 42 U.S.C. § 12182(b)(2)(A)(iv).  The Complaint does not contain sufficient facts to establish that the removal of the alleged barriers is "readily achievable."  Instead, it relies only on the bare assertion that "[t]he violations . . . are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove."  (Complaint ¶ 28).  The Court does not accept Plaintiff's conclusory allegations as true.  *See Whitaker*, 985 F.3d at 1177 (holding that an ADA plaintiff must do more than "simply recite the elements of a cause of action").

Plaintiff contends that whether the removal of a barrier is "readily achievable" is an affirmative defense that Defendant waived.  (Application at 6).  Plaintiff is mistaken.  The Ninth Circuit recently adopted a burden-shifting framework when addressing claims under the ADA relating to a failure to remove architectural barriers.  "[T]o satisfy their initial burden, ADA plaintiffs must plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances."  *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1038 (9th Cir. 2020).  Only if a plaintiff makes this initial showing does the burden shift to the defendant to show that the barrier is not readily achievable.  *Id.* at 1038–39.  At present, Plaintiff has not met his initial burden.

[T]he ADA requires courts to consider four enumerated factors when determining whether an action is readily achievable, including:

(A) the nature and cost of the action needed;

(B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-03042-MWF (GJSx)          **Date:** December 9, 2021
**Title:** Anthony Bouyer v. A.O.P.N. Corp., et al.

> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
>
> (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

*Id.* at 1038 (quoting 42 U.S.C. § 12181(9)(A)–(D)) (internal alterations omitted).

Although the Court will ultimately consider these four factors, Plaintiff is not required to address in detail each of the four factors to meet his initial burden of plausibility. *See id.* However, Plaintiff must present sufficient evidence plausibly showing that the cost of removing the barriers at issue does not exceed the benefits under the circumstances. Here, Plaintiff has made no such showing, providing no evidence to support his allegations. The Complaint is accordingly insufficient and the Application may not be granted. *See Eitel*, 782 F.2d at 1471–72.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Application is **DENIED** *without prejudice*.

IT IS SO ORDERED.